IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH OIGO MARWOKA | § | |
| | § | |
| VS. | § | CIVIL NO. 4:22-CV-634-P |
| | § | |
| MERRICK B. GARLAND, ET AL. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSAL AND RETURNING CASE TO DISTRICT JUDGE

The above-styled and numbered action, which was filed by *pro se* Plaintiff Joseph Oigo Marwoka on July 22, 2022, was automatically referred to the United States Magistrate Judge pursuant to a standing order of this Court. On December 13, 2022, the Court entered an Order Regarding Failure to File Proof of Service in which it gave Plaintiff until December 28, 2022 to file "either proof of proper service as required by Rule 4.1 of the Local Civil Rules of the Northern District of Texas or an instrument in affidavit form establishing good cause why such proof cannot be filed." The Order further stated that, Plaintiff's failure to comply would result in the Court recommending dismissal of this action without further notice.

On December 28, 2022, Plaintiff filed a Notice of Certified Mailing, in which he attached copies of several U.S. Postal Service Certified Receipts showing mail was sent via certified mail to Defendants Merrick Garland, Alejandro Mayorkas, Ur M. Jaddou, Lisa Kehl, Wilhelm Bierman, and the U.S. Attorney's Office. Such response, however, fails to comply with the Court's December 13, 2022 Order Regarding Failure to File Proof of Service for several reasons, including: (1) it does not contain an affidavit showing proof of service as required under Federal Rule of Civil Procedure ("Rule") 4(l)(1) and (2) there is no proof that any such alleged service was executed by a person that is not a party to the suit as required under Rule 4(c)(2). *See, e.g., Finkley*

1

*v. Shulkin*, No. 1:16CV290-LG-RHW, 2017 WL 1380468, at *1 (S.D. Miss. Apr. 11, 2017) ("Rule 4(c)(2)'s prohibition of service by parties to a lawsuit applies even where the defendant is served via certified mail."); *Webb v. Dallas Area Rapid Transit*, No. 3:17-cv-878-M-BN, 2017 WL 4082445, at *2 (N.D. Tex. Aug. 22, 2017) ("[T]he Proof of Service is not proper under [Rule] 4(l)(1) because it was not made 'by the server's affidavit.'"); *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013) (stating that certified mail from Plaintiff did not constitute proper service on Defendant under federal or Texas service rules). Consequently, the Court **RECOMMENDS** that the above-styled and numbered cause be **DISMISSED** for failing to comply with the Court's order and for failure to effectuate proper service.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until January 18, 2023** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 4, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE